UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NANCY SCHMIDT, : | |
| : | |
| Plaintiff, : | Case No. 2:20-cv-4971 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| CITY OF LIMA, *et al.*, : | Magistrate Judge Chelsey M. Vascura |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter is before the Court on two Motions to Dismiss filed by Defendant City of Lima (ECF No. 16) and Federal Defendants Merrick Garland and Vipal Patel (ECF No. 21). For the reasons that follow, the Motions to Dismiss are **GRANTED**.

## I.   BACKGROUND

Plaintiff, proceeding *pro se*, filed this case on September 22, 2020, against Defendant City of Lima (hereinafter, the "City")—specifically its "Building/permits Appeals Division." (ECF No. 1). After service was effectuated (ECF No. 7), the City moved to dismiss on March 2, 2021. (ECF No. 6). Plaintiff filed an Amended Complaint on April 6, 2021, adding the Federal Defendants. (ECF No. 15).

Standing alone, the Amended Complaint provides the Court with insufficient information to deduce the factual background of this case. It states the claim as follows: "Asking for relief [from] Judgment because of proverty [*sic*] issue [and] Not to be an inmate." (*Id.* at 3). Later, the Amended Complaint discusses a committee meeting in which City employees engaged in "inappropriate talk that was very unethical . . . [and] embarrassing to [Plaintiff]." (*Id.* at 3–4). Plaintiff requests relief as follows: "Collect the money for my property. . . . [U]se grant money to

1

tear down house." (*Id.* at 4). Resorting to other evidence of record,[1] the Court can discern that the "City of Lima wants to demolish [Plaintiff's] house," which prompted her to seek $19,000 in compensation. (ECF No. 1 at 4). Plaintiff "went to the City of Lima committee meeting about the condition of [her] house" (ECF No. 9 at 1), where a committee member told Plaintiff she would have "to pay around $33,000 to have [her] house demolished by the City," and threatened her with "prison/jail" if she "didn't comply." (*Id.*). After making these comments, the same committee member allegedly stated: "Erase the tape." (ECF No. 22 at 3). At two points in her Original Complaint, Plaintiff refers to this lawsuit as a "condemnation & eminent domain" case. (ECF No. 1 at 3, 4). She also suggests that criminal proceedings might be initiated against her, based on the comments of the committee member, but notes she is "Not [an] inmate yet." (*Id.*).

All Defendants moved to dismiss the Amended Complaint. The City moved to dismiss on April 7, 2021, citing lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). (ECF No. 16). The Federal Defendants moved to dismiss on July 19, 2021, after service was effectuated, and cited lack of subject matter jurisdiction and failure to state a claim. (ECF No. 21). Plaintiff filed a response on August 6, 2021 (ECF No. 22), which did not indicate to which Motion it related. All Defendants filed replies (ECF Nos. 23, 24), making this matter ripe for adjudication.

## II. STANDARD OF REVIEW

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383

---

[1] The Court has relied on three other filings by Plaintiff—her Original Complaint (ECF No. 1), her response to the City's first Motion to Dismiss (ECF No. 9), and her response to the instant Motions to Dismiss (ECF No. 22). Although as a general matter such filings are not considered on a motion to dismiss, courts are more lenient with *pro se* litigants. *See, e.g.*, *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (considering response brief as part of the pleadings). The other filings are referenced here for the purpose of contextualizing Plaintiff's allegations in the Amended Complaint.

(6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nevertheless, "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the obligations under Federal Rule of Civil Procedure 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 12(b)(1) provides that a defendant may move to dismiss based on a court's lack of jurisdiction over the subject matter of the case. Jurisdiction in the federal courts is limited: it may be based on a federal question, which is one "arising under the Constitution, laws, or treaties of the United States," or on diversity of citizenship where the sum in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The plaintiff has the burden of proving subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Where a motion to dismiss presents alternative arguments, such as improper venue or failure to state a claim, the court must address subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Under Rule 12(b)(3), a defendant may move to dismiss for improper venue. On such a motion, the plaintiff bears the burden of establishing that venue is proper. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002). Venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect

3

to such action." 28 U.S.C. § 1391(b). When a plaintiff "lay[s] venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court "need not . . . accept unwarranted factual inferences." *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.  LAW AND ANALYSIS

#### A.  Federal Defendants

The Federal Defendants were added to this case in Plaintiff's Amended Complaint. (ECF No. 15). In their Motion to Dismiss, the Federal Defendants argue that Plaintiff has failed to plead a waiver of sovereign immunity, which defeats jurisdiction over the claims against them. (ECF No. 21 at 3–4). "Sovereign immunity is jurisdictional in nature," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and Plaintiff carries the burden to identify a waiver before she may sue federal officers in official capacity. *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). Plaintiff's Amended Complaint fails to identify such a waiver, and so too does her response brief. The closest Plaintiff comes to addressing sovereign immunity is in her reference to "the waiver of service rule," which she argues "does not apply if the United States is named as a defendant." (ECF No. 22 at 4). Waiver of service and waiver of sovereign immunity are distinct concepts, however; the former is a procedural matter under Federal Rule of Civil Procedure 4, and the latter is a core jurisdictional doctrine rooted in the common law. Because no waiver of sovereign immunity has been identified, the Court finds that Plaintiff's claims against the Federal Defendants must be dismissed for lack of jurisdiction.

The Federal Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED** under Rule 12(b)(1). Because the Court lacks jurisdiction over these claims, it does not reach the Federal Defendants' alternative argument under Rule 12(b)(6).

#### B.  City of Lima

Defendant City of Lima likewise argues that Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction. (ECF No. 16 at 6). Plaintiff purports to bring her case under federal question jurisdiction, having checked the box for 28 U.S.C. § 1331. (ECF No.

5

15 at 2). Yet, as the City observes, "Plaintiff identifies only two federal statutes in her amended complaint, both of which hav[e] to do with persons in custody." (ECF No. 16 at 6). Those statutes are 28 U.S.C. §§ 2254 and 2255 (ECF No. 15 at 2), which provide remedies for persons held in state or federal custody, respectively, in violation of the Constitution or laws of the United States. There is no allegation in this case that Plaintiff is a state or federal prisoner; therefore, neither statute provides a colorable basis of jurisdiction. Where the stated grounds for jurisdiction are so plainly lacking, courts properly may dismiss the case under Rule 12(b)(1). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal citations and quotation marks omitted)).

Nevertheless, consistent with the liberal construction of *pro se* pleadings, the Court will consider an alternative basis of jurisdiction: the Takings Clause of the Fifth Amendment to the United States Constitution. Though Plaintiff does not cite this clause explicitly, it is apparent from her Original Complaint that she intended to present a "condemnation & eminent domain issue." (ECF No. 1 at 3). Plaintiff's failure to reallege this jurisdictional basis in the Amended Complaint likely is the result of a misunderstanding over whether the Amended Complaint would supplement, versus supersede, the Original Complaint. It is the latter. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes."). There are enough references in the Amended Complaint, though, for the Court to deduce that Plaintiff did not intend to drop her condemnation and eminent domain claim. Most notably, the first requested relief is to "Collect the money for my property." (ECF No. 15 at 4). The Court therefore will construe Plaintiff's Amended Complaint to preserve and

6

reincorporate the condemnation and eminent domain allegations from her Original Complaint. Condemnation and eminent domain do implicate federal question jurisdiction, via the Takings Clause, and Plaintiff's claims thereunder are more than frivolous. Accordingly, the Court will not dismiss the City under Rule 12(b)(1) and instead will proceed to the City's other arguments.

The City alternatively moves to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406. (ECF No. 16 at 8–9). The City reasons that "no defendant resides or is alleged to reside in the Southern District geographic territory," apart from one Federal Defendant (then-Acting United States Attorney Vipal Patel) whom the Court has dismissed from this case, "and the substantial events or property at issue are not alleged to have occurred or be located in the Southern District." (*Id.* at 9). The Court concurs. Once the Federal Defendants are removed from consideration, the City of Lima is the only remaining Defendant. Geographically, the City of Lima is located in the Northern District of Ohio, Western Division.[2] The property in question is located in Lima, and the committee meeting occurred in Lima. (ECF No. 1 at 4; No. 9 at 1). From Plaintiff's brief on the City's prior Motion to Dismiss, it appears she filed in the Southern District, where she now resides, based on an erroneous conclusion that "where you live you file." (*Id.* at 4). Under 28 U.S.C. § 1391(b), venue is proper in the Northern District of Ohio, Western Division, and is improper in this Court.

The Court also determines that the interests of justice do not require transfer, as opposed to dismissal. *See First of Mich. Corp.*, 141 F.3d at 262. First, there is no indication that Plaintiff desires to pursue this case in the Northern District, as she has filed no transfer motion despite being

---

[2] The Court takes judicial notice of this geographic fact, which "is generally known" in this jurisdiction and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Harris*, 331 F.2d 600, 601 (6th Cir. 1964) ("The District Court may take judicial notice of established geographical facts."); *Knope v. Mich. State Nurses Ass'n of Am. Nurses Ass'n*, 2020 WL 4934319, at *3 (E.D. Mich. Aug. 24, 2020) (taking judicial notice of geographic facts in considering a Rule 12(b)(3) motion).

on notice of the venue issue since the City's first Motion to Dismiss. (ECF No. 6 at 6–7). Moreover, the age of this case, the high probability of intervening factual developments, and the aforementioned pleading defects in Plaintiff's Amended Complaint all mean that Plaintiff would be ill-served to have this case transferred in its present form, as opposed to refiling a current and well-pled complaint should she decide to litigate her claims further.

The Court therefore **GRANTS** the City's Motion to Dismiss pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406. Given this ruling, the Court does not reach the City's arguments under Rule 12(b)(6).

### IV.  CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 16, 21) are **GRANTED**. This case is **DISMISSED** for lack of jurisdiction with respect to the Federal Defendants, and for improper venue with respect to Defendant City of Lima.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 24, 2022**